Opinion of the court delivered by
Judge Peck.
Frogg offered in evidence a sheriff’s’ deed for the land in dispute, together with the record of the judgment and sale on which the same is founded. This deed was objected to, and rejected by the court.
The proceedings commenced by warrant; judgment was confessed; execution issued, and was returned by the constable, “ no personal property found; levied on sixteen acres of land.” The proceedings were returned into court, and an order of sale of said land was there entered. On this order the sale is made, and the sheriff’s deed founded thereon.
The principal objection now pointed out, is, that the return of the constable should have been “ no personal property found in my county;” and the case of Puckett’s lessee vs. Owen, (Peck’s Rep. 170, is relied on. In that opinion it is said incidentally, that the officer should return “no personal property tobe found in my county.” No doubt this is the better return; but the case in Peck’s Reports did not turn on that question; there was personal property; the record shewed the fact to be so; it was in the custody of the law, but not disposed of; the county court therefore, in the record before them, ought to have seen there was nothing on which the motion could be founded for an order of sale of the lands, and that the proceeding was bad without personal notice, having been instituted by attachment. In cases of constructive notice only, great strictness has been required. Here was personal notice, a judgment confessed, and subsequent proceedings, which we are bound to suppose the party was cognizant of. He submits to the judgment, execution and sale, and is hound by it.
*578 The deed of the lessor of the plaintiff is not noticed in this opinion, because we cannot see where it was registered; and on further examination it may appear to have been registered in Over ton county, where it was proper to do so.
Judgment reversed.